## STANBROUGH *v.* BARNES, Curator.

A possessor in good faith is entitled to remuneration for useful improvements, and is not accountable for fruits. C. C. 500. The owner has the choice either to reimburse the price of the improvements, or to pay a sum equal to the enhanced value of the soil.

APPEAL from the Court of Probates of Madison, *Downes* J. *Phillips*, for the plaintiff. *Amonett*, for the appellant. *Stockton* and *Steele*, for the defendant. The judgment of the court was pronounced by

KING, J. *Stanbrough* presented to the curator of *Bray's* succession, a claim for improvements made upon a tract of land belonging to the deceased. The administrator admitted that the improvements had been made as stated in the account, and referred the claim to the probate judge to decide upon their value. A rule was taken to show cause why the account should not be paid; in answer to which the attorney for the absent heirs, and *Wilkinson*, the assignee of one of the heirs, opposed the demand, alleging that it was excessive, and that *Stanbrough* was a possessor in bad faith when the improvements were made. The judge determined that the land derived two-thirds of its value from the improvements; that *Stanbrough* was a possessor in good faith when they were made; and decreed that the land should be sold for cash, and that two-thirds of the price should be paid to *Stanbrough*. From this judgment *Wilkinson* has appealed. We think that the evidence fully supports the conclusions of the judge below, that *Stanbrough* was a possessor in good faith, and that two-thirds of the present value of the land are the result of his labor and industry, in clearing and fitting the soil for culture. He is consequently entitled to remuneration for useful improvements, and was not accountable for fruits. 16 La. 421, 425. Civil Code, art. 500. The choice in such cases is left to the owner, either to

re-emburse the price of the improvements, or to pay a sum equal to the en- STANBROUGH
hanced value of the soil.  ⟨⟩              *v.*
                                          BARNES.

The appellant contends that, if the plaintiff be entitled to any thing, it is the enhanced value of the property, but that this should have been ascertained by the court below, and decreed to him as a fixed sum. The administrator does not object to the mode adopted for ascertaining the measure of the plaintiff's compensation, and the curator for the absent heirs himself suggests, in answer to the rule, that the relative value of the land in its improved and unimproved condition should be ascertained, and that a sale should be made, and the proceeds awarded to the succession and the plaintiff, in the proportions thus established.

Thus all the parties in interest must be considered to have made their election, and all concur in demanding that the remuneration shall be the enhanced value of the land. If, in the exercise of the discretion allowed them by law, they had chosen to pay the value of the improvements, we should not have felt authorised to affirm the judgment which has been rendered. A sale of the property in such cases, after determining the proportion which the value of the improvements bears to the entire price, is just and equitable, and the only means of effectually protecting the owner against the entire loss of his land, for the purpose of satisfying the claim of the *bonâ fide* possessor. We perceive no sound objection to a decree of this kind; it is in the nature of a judgment ordering a sale for a partition.                    *Judgment affirmed.*